IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———

MELVIN MORGAN,
KATHLEEN BEGAY, on behalf of herself
and on behalf of her minor children,
KATRA PETERSON and ADRIAN
ZAVALA;
and MELVIN MORGAN, JR.

        Plaintiffs,

v.                                              No. CIV 02-226 BB/DJS

BEN SHELLY, ERNEST C. BECENTI,
SR., AND HARRY MENDOZA, BOARD
OF COUNTY COMMISSIONERS OF THE
COUNTY OF MCKINLEY; THE
MCKINLEY COUNTY SHERIFF'S
OFFICE, A DEPARTMENT OF THE
COUNTY OF MCKINLEY; JOHN
TREVOR SMITH, A DEPUTY OF THE
COUNTY OF MCKINLEY AND AN
INDIVIDUAL; CORRECTIONAL
SERVICES CORPORATION; AND
UNKNOWN PERSONS 1 through 100,

        Defendants.

## MEMORANDUM OPINION AND ORDER

      THIS MATTER comes before the Court for consideration of Defendants' first motion for partial summary judgment (Doc. 26). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that Defendants' motion will be GRANTED.

# I.
# FACTS AND PROCEDURAL HISTORY

## A. Procedural History

In this action brought under 42 U.S.C. § 1983 and New Mexico state tort law, Plaintiffs Melvin Morgan and Kathleen Begay allege, inter alia, that they were taken into state custody from the Navajo Reservation without first being afforded an extradition hearing as required under Navajo law. The complaint was originally filed in state court. Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1441(b) and 1446(a), and have since filed three motions to dismiss and a motion for partial summary judgment.[1] On September 3, 2002, the Court heard argument from the parties on each of these motions. At the hearing, Defendants' motion to dismiss for failure to file within the statute of limitations was denied. The Court took the remaining three motions under advisement. This opinion addresses Defendants' motion for partial summary judgment. The remaining motions will be addressed in separate opinions.

## B. Facts

On February 9, 1999, Plaintiffs Melvin Morgan and Kathleen Begay, both of whom are enrolled members of the Navajo Tribe, were taken into custody on New Mexico state criminal charges. Both were arrested after an investigatory stop that occurred on the Navajo Reservation. Begay was taken directly into state custody and remained incarcerated at the McKinley County Adult Detention Center for nine days. After Morgan was treated for injuries he suffered during an attack by a police service dog, he too was taken off the reservation and incarcerated at the

---

[1] In a number of cases currently before this Court, defense counsel has raised issues in individual motions that should have been submitted in a single filing. The Court again notes its disapproval of this practice and reminds defense counsel that these types of motions will not be accepted in the future.

McKinley County Adult Detention Center. Neither was provided a hearing in Navajo tribal court prior to their removal from tribal land.

Morgan was charged with driving under the influence; resisting, evading, or obstructing an officer; refusing to stop his vehicle at the direction of a police officer; two counts of felony battery of a police officer; and two counts of felony child endangerment. Pursuant to an agreement with the state of New Mexico, he pled no contest to one misdemeanor count of resisting, evading, or obstructing an officer. He was sentenced to time served, unsupervised probation, and a $100.00 fine. All other charges were dismissed.

Begay was charged with one count of resisting, evading, or obstructing an officer; three counts of felony child endangerment; and one count of possession of marijuana. She pled guilty to resisting, evading, or obstructing an officer and was sentenced to time served, a 355 day suspended sentence, and unsupervised probation. It is unclear from the submissions of the parties whether her guilty plea was likewise the result of an agreement with the state.

Under Navajo law, an Indian on tribal land has the right to demand a hearing before the nearest Court of the Navajo Nation prior to being taken into state custody. Nation Code tit. 17, §§ 1951-52 (1995). At such a hearing, the tribal court is entitled to order the release of an Indian if it either finds he will not receive a fair trial in state court, or determines that there is no probable cause to believe he is guilty of the crime with which he is charged. Id.
Morgan and Begay allege they are entitled to damages under § 1983 because McKinley County Sheriff's Deputies took them into state custody without providing them such a hearing. In their first motion for partial summary judgment, Defendants argue that such claims are barred on the grounds that, if proven, they would collaterally undermine Plaintiffs' convictions.

3

## II.
## STANDARD OF REVIEW

A motion for summary judgment should only be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). As with a motion to dismiss, "[a]ll facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." Id. The issue when considering a motion for summary judgment is "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## III.
## DISCUSSION

**A.  Heck v. Humphrey**

In Heck v. Humphrey, the Supreme Court held that a § 1983 plaintiff can only recover damages for a harm whose unlawfulness would render a conviction invalid if the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal writ of habeas corpus. 512 U.S. 477, 486-87 (1994). Accordingly, before a § 1983 claim can proceed to trial, district courts must determine "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. If so, the plaintiff's claim must be dismissed until such time as his conviction or sentence is reversed or invalidated. Id.

Heck was convicted of voluntary manslaughter by an Indiana state court. While his appeal to the state supreme court was pending, he filed § 1983 claims against two state prosecutors and a state police investigator alleging that they engaged in an "unlawful, unreasonable, and arbitrary investigation" leading to his arrest, knowingly destroyed exculpatory evidence, and used an illegal voice identification procedure against him during trial. His complaint requested only monetary damages; he did not seek his release from custody.

The Supreme Court turned to the common law of torts for guidance in determining whether Heck's damages claims were cognizable. In particular, the Court drew an analogy between Heck's § 1983 damages claims and the tort of malicious prosecution. To recover on a claim for malicious prosecution, a plaintiff must show that the prior criminal proceeding upon which his claim is based has been terminated in his favor. Id. at 484-85. The Heck Court reasoned that a similar requirement should be applied to § 1983 claims to further the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." Id. at 484. It, therefore, concluded that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." Id. at 486.

**B.    Plaintiffs' Claims Necessarily Imply the Invalidity of Their Convictions.**

In the present suit, Morgan and Begay argue they are entitled to recover damages under § 1983 based on the failure of state law enforcement officers to take them before a tribal court prior

to removing them from the Navajo Reservation.[2]  Under New Mexico law, the failure to follow tribal extradition procedures divests state courts of jurisdiction over a defendant.  Benally v. Marcum, 553 P.2d 1270, 1274 (N.M. 1976).  Benally, like the present case, involved removal of an enrolled member of the Navajo tribe from the reservation without the consent of a Navajo tribal judge.  There, police officers employed by the city of Farmington attempted to stop Benally within the Farmington city limits.  When he refused to pull over, the city police officers pursued him onto the Navajo Reservation and arrested him.  The Farmington municipal court denied Benally's motion to dismiss the case for lack of jurisdiction, but a state district court issued a temporary writ of prohibition preventing the case from going forward.  When the district court later dissolved this writ, Benally appealed.

On appeal, the New Mexico Supreme Court held that the failure to follow tribal extradition procedures infringes on the "well-established right to self-government conferred upon Indians by treaty, laws and U.S. Supreme Court decisions."  Id.  Benally's arrest was, therefore, illegal, and the illegality of the arrest divested the Farmington Municipal Court of jurisdiction to try him.  Id. at 1274-75.

Benally clearly remains good law.  See City of Farmington v. Benally, 892 P.2d 629 (N.M. Ct. App. 1995) ("even though a state court may exercise personal jurisdiction over a citizen of

---

[2] The facts of this case would ordinarily suggest a Fourth Amendment violation based on allegations that state law enforcement officers were outside their jurisdiction when they arrested Morgan and Begay.  See Ross v. Neff, 905 F.2d 1349 (10th Cir. 1990) ("an arrest made outside of the arresting officer's jurisdiction violates the Fourth Amendment to the Constitution and is therefore actionable pursuant to 42 U.S.C. § 1983 under the appropriate circumstances.").  However, pursuant to a 1998 agreement between the Navajo Nation and the McKinley County Sheriff's Office, sheriff's deputies are cross-commissioned as tribal police.  As such, they have the authority to arrest Indians within the boundaries of the Navajo Reservation.  See "Cross-Commission Agreement Between the Navajo Nation and the McKinley County Sheriff's Office" (1998).

another state or foreign country who has been illegally arrested and returned for criminal prosecution, we believe that when the suspect is an Indian illegally arrested on Indian land, the court may not exercise its jurisdiction over his or her person."); State v. Yazzie, 777 P.2d 916 (N.M. Ct. App. 1989) (holding that Benally applies regardless of the severity of the crime at issue). Accordingly, a judgment in favor of Morgan and Begay would necessarily imply that the state court lacked jurisdiction to convict them. This would obviously, then, constitute a collateral attack on their convictions.

Finally, in their brief opposing Defendants' motion for summary judgment, Morgan and Begay argue that their claims are strictly procedural in nature. The Court does not address the merits of this argument, as the distinction between procedural and substantive claims is irrelevant in applying Heck. Edwards v. Balisok. 520 U.S. 641, 645-46 (1997); see also Knowlin v. Thompson, 207 F.3d 907, 909 (7th Cir. 2000) (applying Balisok and holding that § 1983 damages claims based on the failure to follow state extradition procedures are barred by Heck).

## IV.
## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiffs' extradition claims are not cognizable on the grounds that they would necessarily imply the invalidity of their state convictions in violation of Heck. Accordingly, these claims will be dismissed without prejudice. Should Plaintiffs successfully challenge their state convictions in the future, they will be free to reassert these claims.

7

## **ORDER**

**WHEREFORE,**

**IT IS ORDERED** that Defendants' first motion for summary judgment (Doc. 12) be GRANTED.

**DATED** at Albuquerque this 7th day of October, 2002.

_____
BRUCE D. BLACK
United States District Judge

**Attorneys:**

For Plaintiffs:

    William G. Stripp, Ramah, N.M.

For Defendants:

    Luis Robles, Albuquerque, N.M., Counsel for County Defendants
    Douglas J. Compton, Albuquerque, N.M., Counsel for Correctional Services Corporation