## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

MELVIN MORGAN,
KATHLEEN BEGAY, on behalf of herself
and on behalf of her minor children,
KATRA PETERSON and ADRIAN
ZAVALA;
and MELVIN MORGAN, JR.

       Plaintiffs,

v.                                                                                No. CIV 02-226 BB/DJS

BEN SHELLY, ERNEST C. BECENTI,
SR., AND HARRY MENDOZA, BOARD
OF COUNTY COMMISSIONERS OF THE
COUNTY OF MCKINLEY; THE
MCKINLEY COUNTY SHERIFF'S
OFFICE, A DEPARTMENT OF THE
COUNTY OF MCKINLEY; JOHN
TREVOR SMITH, A DEPUTY OF THE
COUNTY OF MCKINLEY AND AN
INDIVIDUAL; CORRECTIONAL
SERVICES CORPORATION; AND
UNKNOWN PERSONS 1 through 100,

       Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of Defendants' third motion to

dismiss (Doc. 16).  The Court has reviewed the submissions of the parties and the relevant law,

and, for the reasons set forth below, finds that Defendants' motion will be GRANTED to the

extent that it requests dismissal of Plaintiffs' Eighth Amendment claims, GRANTED to the extent

that it requests dismissal of Plaintiffs' Fourteenth Amendment excessive force claims, and

GRANTED to the extent that it requests dismissal of McKinley County Sheriff's Office as a

defendant in this case.

**I.**
**FACTS AND PROCEDURAL HISTORY**

**A. Procedural History**

In this action brought under 42 U.S.C. § 1983 and New Mexico state tort law, Plaintiffs

Morgan and Begay allege, inter alia, that McKinley County law enforcement officers used

excessive force in seizing them and that they were denied medical treatment while in state

custody.  The complaint was originally filed in state court.  Defendants removed the case to

federal court pursuant to 28 U.S.C. §§ 1441(b) and 1446(a), and have since filed three motions to

dismiss and a motion for partial summary judgment.  On September 3, 2002, the Court heard

argument from the parties on each of these motions.  At the hearing, Defendants' motion to

dismiss for failure to file within the statute of limitations was denied.  The Court took the

remaining three motions under advisement.  This opinion addresses Defendants' third motion to

dismiss.  The remaining motions will be addressed in separate opinions.

**B. Facts**

On February 9, 1999, Defendant John Trevor-Smith, a deputy employed by the McKinley

County Sheriff's Office ("MCSO"), pulled over a vehicle driven by Melvin Morgan.  The other

plaintiffs in this case - Kathleen Begay, Katra Peterson, Adrian Zavala, and Melvin Morgan, Jr. -

were passengers in Morgan's car.

After coming to a stop, Morgan exited his vehicle.  Plaintiffs allege that Deputy Trevor-

Smith then released Robo, his police service dog, and ordered him to attack.  Robo bit Morgan

over twenty times on his throat, arms, legs, back, and scrotum.  After the attack, Morgan received

treatment for his injuries at the Navajo Estates Fire Department and the Public Health Service.

He was then taken to the McKinley County Adult Detention Center.  While incarcerated there,

Morgan alleges that his Eighth and Fourteenth Amendment rights were violated when prison officials failed to treat a continuously bleeding bite wound on his scrotum.

Kathleen Begay was also arrested at the scene of the stop.  She alleges her Eighth and Fourteenth Amendment rights were twice violated while she was in custody.  First, she alleges that when she informed Deputy Trevor-Smith that she was recovering from pneumonia, he reacted by laughing at her and rolling down the windows of his vehicle.  As a result, she was subjected to freezing cold temperatures on the trip from the scene of her arrest to the McKinley County Adult Detention Center.  Second, she alleges that prison officials failed to provide her medical treatment related to her pneumonia during the nine days she was incarcerated in that facility.

In their third motion to dismiss, Defendants argue (1) that Plaintiffs' cannot recover under the Eighth Amendment on their claims that they were denied proper medical care; (2) that the Fourth Amendment rather than the Fourteenth Amendment governs Plaintiffs' excessive force claims; and (3) that MCSO should be dismissed as a defendant in this case.

## II.
### STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the non-moving party.  GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).  The Court's function on a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief might be granted."  Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).  Accordingly, a 12(b)(6) motion should not be granted "unless

3

it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." GFF Corp., 130 F.3d at 1384 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III.
## DISCUSSION

**A.      Plaintiffs were entitled to constitutional protection from mistreatment while in custody.**

The Eighth Amendment only applies to inmates serving time for crimes for which they have already been convicted. Bell v. Wolfish, 441 U.S. 535-36 n. 16 (1979); United States v. Lovett, 328 U.S. 303, 317-18 (1946). It does not protect parties who allege their rights were violated while they were held in custody prior to trial. However, the Fourteenth Amendment provides pretrial detainees the same degree of protection as convicted prisoners receive under the Eighth Amendment. Lopez v. LeMaster, 172 F.3d 756, 759, n. 2 (10th Cir. 1999) (citing Bell v. Wolfish, 441 U.S. 520 (1979)); Barrie v. Grand County, 119 F.3d 862, 868 (10th Cir. 1997); Frohmader v. Wayne, 958 F.2d 1024, 1028 (10th Cir. 1992). Regardless of which amendment applies, deliberate indifference to the known and serious medical needs of those held in custody by the government violates the Constitution. County of Sacramento v. Lewis, 523 U.S. 833, 849-50, 867 (1998). Consequently, while the Eighth Amendment is inapplicable in this case, Plaintiffs are entitled to go forward with all claims that are based on their treatment while detained by Defendants under the Fourteenth Amendment.

**B.      Plaintiffs' excessive force claims are governed by the Fourth Amendment.**

As the Court noted in its opinion addressing Defendants' second motion to dismiss, the Fourth Amendment alone governs excessive force claims that arise in the context of an arrest,

investigatory stop, or other seizure of a free citizen.  See Graham v. Connor, 490 U.S. 386, 394-95 (1989).  For the reasons set forth in Part III.A. of that opinion, Plaintiffs' remaining Fourteenth Amendment excessive force claims will also be dismissed.

**C.     The Board of County Commissioners of McKinley County is the proper defendant for Plaintiffs' governmental liability claims.**

As a department of McKinley County, the McKinley County Sheriff's Office is not a separate suable entity for purposes of § 1983 litigation.  Martinez v. Winner, 771 F.2d 424, 444, modified on other grounds, 778 F.2d 553 (10th Cir. 1985), vacated on other grounds under the name Tyus v. Martinez, 475 U.S. 1138 (1986); see also West v. Waymire, 114 F.3d 646, 646-47 (7th Cir. 1997); Ricketts v. City of Hartford, 74 F.3d 1397, 1400 (2d Cir. 1996); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992); Aniniba v. City of Aurora, 994 F. Supp. 1293, 1296 n. 3 (D. Colo. 1998); PBA Local No. 38 v. Woodbridge Police Dep't, 832 F. Supp. 808, 825 (D.N.J. 1993); Johnson v. City of Erie, Pa., 834 F. Supp. 873, 879 (W.D.Pa. 1993); Stump v. Gates, 777 F. Supp. 808, 816 (D. Colo. 1991), aff'd, 986 F.2d 1429 (10th Cir. 1993).  As such, it will be dismissed as a defendant in this case.  In addition, for purposes of clarifying any confusion that may have arisen during argument on this motion, the Court notes that Plaintiffs correctly named the McKinley County Board of Commissioners as the defendant for purposes of suing the county.  See N.M. Stat. Ann. § 4-46-1 (2002).

**IV.**
**CONCLUSION**

For the reasons set forth above, the Court finds (1) that Plaintiffs' claims based on conduct that occurred while they were in custody are properly analyzed under the Fourteenth Amendment rather than the Eighth Amendment; (2) that Plaintiffs' excessive force claims are all properly analyzed under the Fourth Amendment; and (3) that the McKinley County Sheriff's

Office is not a proper party in this case.

## ORDER

**WHEREFORE,**

**IT IS ORDERED** that Defendants' third motion to dismiss (Doc. 16) be GRANTED to the extent that it requests dismissal of Plaintiffs' Eighth Amendment claims, GRANTED to the extent that it requests dismissal of Plaintiffs' Fourteenth Amendment excessive force claims, and GRANTED to the extent that it requests dismissal of McKinley County Sheriff's Office as a defendant in this case.

**DATED** at Albuquerque this 9th day of October, 2002.

BRUCE D. BLACK
United States District Judge

**Attorneys:**

For Plaintiffs:
    William G. Stripp, Ramah, N.M.

For Defendants:
    Luis Robles, Albuquerque, N.M., Counsel for County Defendants
    Douglas J. Compton, Albuquerque, N.M., Counsel for Correctional Services Corporation